[No. B089346. Second Dist., Div. Four. Sept. 19, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
RONDA C. CARTER, Defendant and Respondent.

## COUNSEL

Gil Garcetti, District Attorney, Brentford Ferreira and George G. Size, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Tracy Mooney, Brent Montgomery, Alex Ricciardulli and Paula Montez, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**HASTINGS, J.**—On October 3, 1994, one year and seven months prior to the decision in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], the trial court, in the interest of justice, struck two of three alleged serious prior felonies, accepted a plea of nolo contendere to possession of .10 grams of cocaine, and sentenced respondent, Ronda C. Carter, to thirty-two months in state prison as a two strike offender. The People filed an appeal contesting the sentence as unlawful. Based upon the *Romero* decision, we conclude that the judgment must be reversed and remanded to allow the respondent to set aside the plea and for further proceedings consistent with *Romero*.

### FACTS

On May 11, 1994, respondent was charged with possession of cocaine, a violation of Health and Safety Code section 11350, subdivision (a). It was alleged that on October 23, 1989, respondent had been convicted of two counts of robbery pursuant to Penal Code section 211 and one count of residential burglary pursuant to Penal Code section 459, all qualifying as "strikes" pursuant to Penal Code section 667, subdivisions (b) through (i), (the three strikes law). Also alleged was a prior conviction on May 22, 1992, of possession of a controlled substance pursuant to Health and Safety Code section 11350, subdivision (a), for which respondent served a prison term (Pen. Code, § 667.5).

On October 3, 1994, trial of the matter was transferred to department 55. Prior to trial, counsel for respondent advised the court that he had a number

of motions. He first made a motion to challenge the three prior convictions suffered on October 23, 1989, on the basis that they were constitutionally invalid. Counsel argued that the three priors were invalid because respondent was not advised that pleading guilty to these serious felonies would qualify her for treatment pursuant to Penal Code section 667, subdivision (a) if she were convicted of any further serious felonies at a later date.[1] The court denied the motion.

Respondent's counsel then advised the court: "Well the other motion is it's a motion to strike the prior. We had under—in the interest of justice and under *People* v. *Tenorio* [(1970) 3 Cal.3d 89 (89 Cal.Rptr. 249, 473 P.2d 993)] in which basically it allows the court, and the court has inherent power, to strike the priors. . . . It's in the moving papers, and basically the court does have the judicial power to strike priors, and what—given the fact that the new case is an 11350 involves .10 grams of rock cocaine, or allegedly that amount, that to put [respondent] in the position of going to trial and risking 25 to life, I'd ask the court to strike the Compton prior[s][2] [in case No.] TA000511, strike it in the interest of justice in its entirety and either, one, let [respondent] go to trial as if she had no strike priors, or in the alternative have the court strike the Compton prior in all three counts, and if she then wanted to enter into a plea agreement with the court as if she had no strike priors, meaning that her maximum would be 16 months, two years, three years plus any one-year prison priors. I'd ask the court to strike the Compton prior[s] on the grounds of—under 1385 in the interest of justice to prevent [respondent] from being exposed from a 25 to life sentence."

Further discussion took place between the court and counsel. Counsel for respondent then inquired: "Judge, [respondent] asked me if she did accept

---

[1]Penal Code section 667, subdivision (a) provides: "(1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. [¶] (2) This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply. [¶] (3) The Legislature may increase the length of the enhancement of sentence provided in this subdivision by a statute passed by majority vote of each house thereof. [¶] (4) As used in this subdivision, 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7. [¶] (5) This subdivision shall not apply to a person convicted of selling, furnishing, administering, or giving, or offering to sell, furnish, administer, or give to a minor any methamphetamine-related drug or any precursors of methamphetamine unless the prior conviction was for a serious felony described in subparagraph (24) of subdivision (c) of Section 1192.7."

[2]The so-called "Compton priors" were the convictions respondent suffered on October 23, 1989, two robberies and one residential burglary in People v. Carter (Super. Ct. L.A. County, No. TA000511).

*the court's offer of 32 months*, she wanted to know if she could be sentenced today. She didn't want to come back for any probation and sentencing hearing." The court noted: "I have no problem with that, you know, I would impose the sentence today *assuming that you give me all of the bases to do it*, and then, you know, I don't know if the People would appeal. I assume they could do that also, and may well do that, but, you know, I think that there is going to have to be a look at this by the Supreme Court as to whether, you know, the legislators in doing this intended the consequences that—or if the consequences are cruel and unusual punishment. [¶] I don't think there's any question in this particular case that if the [respondent] had committed a residential burglary or an armed robbery or anything that would involve itself in violence or a crime of violence or place somebody in a position where they were a victim that could be injured or hurt that this would, you know, be applicable, but I think that's for the Supreme Court to decide. [¶] Yes, I have no problem if she wanted to be sentenced today. I'd sentence her to the 32 months and then you can file your appeal on the denial of the motion." (Italics added.)

Further discussions were held between the court and respondent's counsel to determine how the court could impose the term of 32 months. It was determined that the court would have to strike two of the three serious prior felonies, sentence respondent to the low term of sixteen months for the current conviction, and, double the term for purposes of the three strikes law, for a total of thirty-two months. The court advised respondent and counsel that it had no control over whether respondent would have to serve 80 percent of the time pursuant to the three strikes law. Respondent finally agreed to plead nolo contendere to the charge based upon the indicated sentence.

The People objected to the disposition but took the waivers and the plea. The court then noted: "The court is striking counts two and counts three of what is known as the Compton conviction. . . . The court is doing this under *People* v. *Tenorio*, 3 Cal.3d 89. I think that the record should indicate that in this particular case the defendant was arrested for and charged with possession of one five-dollar rock cocaine. I guess one rock of cocaine, and that by—if she were to be convicted and admitted the three priors which all grew out of a single case in Compton this court would be in a position to having to sentence the defendant to 25 years to life in the state penitentiary which for a rock cocaine that she was using for her own use, if, in fact, there's no indication she was selling or involved in any other crime of violence, this court would have no hesitation to give her 25 years to life if there was a robbery or burglary or some other crime which would interfere with another person's rights to the extent that they could be harmed. I don't

think that a five-dollar rock cocaine justifies 25 years to life in the state penitentiary."

Respondent waived time for sentencing and the court sentenced her in accord with its indicated sentence of 32 months.

### DISCUSSION

■ On appeal, the People argue that the trial court relied upon the concept of cruel and unusual punishment to strike the prior allegations. The People also noted in their opening brief that the Supreme Court had recently accepted review of *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, and suggested that further review be delayed until after that decision was handed down. We accommodated the request.

A review of the record does not disclose a specific finding by the trial court that application of the three strikes law to the facts of this case would result in a cruel and unusual punishment. While the concept was mentioned, it is clear that the court relied upon *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993] and Penal Code section 1385 as authority for striking the priors. These were the same authorities discussed by the Supreme Court in *Romero*.

In *Romero*, the Supreme Court decided that judges retain discretion, pursuant to Penal Code section 1385, to strike prior allegations qualifying for treatment pursuant to the three strikes law. (13 Cal.4th at pp. 529-530.) However, the court cautioned: "A court's discretion to strike prior felony conviction allegations in furtherance of justice is limited. Its exercise must proceed *in strict compliance* with section 1385(a), and is subject to review for abuse." (*Id.* at p. 530, italics added.)

Penal Code section 1385, subdivision (a) states, as pertinent: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. *The reasons for the dismissal must be set forth in an order entered upon the minutes.*" (Italics added.) In commenting upon this italicized portion of the section, the Supreme Court in *Romero* noted: "Section 1385 anticipates, and facilitates, appellate review with the requirement that '[t]he reasons for the dismissal must be set forth in an order entered on the minutes.' [Citation.] 'The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know

why this great power was exercised." ' (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501]; see also *People* v. *Orin* [1975] 13 Cal.3d [937,] 944 [120 Cal.Rptr. 65, 533 P.2d 193] ['It is settled law that this provision is mandatory and not merely directory.'].)" (13 Cal.4th at p. 531, original italics.) The Supreme Court determined that the trial court had failed to set forth the reasons for dismissal in the minute order and concluded that this was a sufficient basis to reverse the judgment, and noted: " ' "[I]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385." [Citations.]' " (*Id.* at p. 532.)

We are faced with the same situation in this case. The minutes of October 3, 1994, indicate the following with regard to striking of the priors: "In case number TA000511 defendant admits Count 1, 211 Penal Code and the Court strikes counts 2, 459 Penal Code and Count 3, 211 Penal Code." This is insufficient to meet the dictates of Penal Code section 1385, as construed in *Romero*. Therefore, as in *Romero*, we must reverse the judgment and remand to allow the respondent to withdraw her plea and for the court to proceed in accordance with the dictates of *Romero*.

However, because the court may still have occasion to consider whether or not to strike any of the prior felony allegations, we also must note that the manner in which the trial court exercised its discretion in this case may have been an abuse of discretion. It appears that the court was concerned with the effect that application of the three strikes law may have on this defendant based upon what the court perceived as a relatively minor offense, possession of cocaine for personal use. The transcript also suggests that the court agreed to exercise its discretion to facilitate a plea. *Romero* advises us that a trial court must be more cautious in its approach to exercise of its Penal Code section 1385 power.

■ " 'From the case law, several general principles emerge. Paramount among them is a rule "that the language of [section 1385], 'furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be a dismissal. [Citations.]" . . . At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." [Citations.]' . . . 'Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." [Citation.] " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" ' . . . [¶] From these general principles it follows that a court abuses its discretion if it dismisses a case, or strikes a sentencing

allegation, solely 'to accommodate judicial convenience or because of court congestion.'[3] [Citation.] A court also abuses its discretion by dismissing a case, or a sentencing allegation, simply because a defendant pleads guilty. [Citation.] Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of [her] present offenses,' and other 'individualized considerations.' [Citation.]" (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th at pp. 530-531.)

## DISPOSITION

The judgment of the trial court is reversed and the matter is remanded to the trial court to permit the respondent to withdraw her plea and for further proceedings in accord with the dictates of *People* v. *Superior Court (Romero)*.

Vogel (C. S.), P. J., and Aranda, J.,* concurred.

---

[3]We note in the reporter's transcript a reference to the fact that department 55 is "a civil courtroom as opposed to a criminal courtroom." We judicially notice that department 55 is located in the civil courts courthouse and that occasionally criminal trials are transferred to the civil courthouse when necessary. This usually causes a disruption of the business of the civil courts.

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.