Filed 12/31/15  P. v. Gallagher CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SHANE GALLAGHER,<br><br>　　　Defendant and Appellant. | A143732<br><br>(Contra Costa County<br>Super. Ct. No. 051316694) |

Shane Gallagher (appellant) appeals from a judgment entered after a jury found him guilty of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), and the trial court found true allegations that he had suffered a prior serious felony conviction (Pen. Code, §§ 667/1170.12[1]) and had served two prior prison terms (§ 667.5, subd. (b)). The court sentenced him to five years in state prison, and appellant timely appealed.  He contends the court abused its discretion in:  (1) denying his request to have his conviction reduced to a misdemeanor; and (2) denying his motion to strike his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero* motion).  We reject the contentions and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 12, 2013, an information was filed charging appellant with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a), count 1).  The information also alleged he had previously been convicted of a serious felony (§§ 667/1170.12) and

---

[1]All subsequent statutory references are to the Penal Code unless otherwise stated.

had served two prior prison terms (§ 667.5, subd. (b)).  Appellant moved to suppress evidence, and the trial court denied the motion.  A jury found appellant guilty of count 1, and the court found true the prior allegations.  Thereafter, appellant filed a *Romero* motion.  The court denied the motion and sentenced appellant to a total term of five years in state prison.

The information was based on an incident that occurred on September 12, 2012.  At approximately 6:00 p.m. that evening, Oakland Housing Officer Tommy Calvin arrived at work and parked his green 1992 Honda vehicle in front of 2555 International Boulevard in Oakland.  He put up all of the windows, turned off the car, and locked the doors.  He was the only person who had keys to the car.  At approximately 11:00 p.m., while doing his rounds, Calvin saw that his car was still parked where he had left it.  A half hour to an hour later, he noticed his car was no longer there.  He called the Oakland Police Department to report his car as stolen.

At approximately 12:41 a.m., Danville Police Officer Carlos Dazhan conducted a traffic stop of a green 1992 Honda Accord in the city of Alamo in Contra Costa County, about 20 miles away from Oakland.  A man, later identified as appellant, was the driver and sole occupant of the car.  Dazhan asked appellant if the car was his; appellant responded that it was not, and that he did not know who the owner was.  Dazhan asked appellant to turn off the car, but appellant said he could not because he did not have the keys.  Dazhan asked appellant why he had the car if it was not his.  Appellant responded that "he was coming from his son's house" at 25th Avenue and International Boulevard.  He said that when he did not find his son at home, he walked to a liquor store.  As he was walking away from the store, he was attacked by an unknown group of six to eight males, one of whom stabbed him in the upper left shoulder.  The others punched him all over, and he sustained an injury to his head.  Appellant told Dazhan that he fought the men off, grabbed his belongings, and ran away, when he saw the Honda in the middle of the street, unlocked, unoccupied, and turned on and running.  Appellant said he got into the Honda, put his belongings in the car, and drove away in order to protect himself.  Dazhan

observed blood on appellant's head and pants. He did not observe any evidence of punches, such as bruising.

Dazhan searched appellant and found a shaved key in his right pants pocket. Dazhan testified that it was the type of key specifically created so that it could be used to fit into a variety of vehicles. Dazhan learned at the police academy that such keys are "considered burglary tools." He had found shaved keys in other auto theft cases, and jail inmates told him they used shaved keys to access vehicles. Appellant claimed that the shaved key was not his and that he did not know how it got in his pocket.

At approximately 1:00 a.m., Calvin was brought to Danville to identify and retrieve his car. He noticed there were bags and other items in the car that did not belong to him, and that his middle console had been searched. Calvin threw all of the items that did not belong to him into nearby garbage cans. Calvin also noticed that his ignition "was a little damaged," making it difficult for him to put his key into the ignition. Calvin had never seen the shaved key that was found in appellant's pocket.

Appellant took the stand and testified that on September 12, 2012, he went to 25th Avenue and International Boulevard to make sure his then-20-year-old son was living in a safe place. After realizing that his son was not home, appellant went to a nearby liquor store to get something to drink. After he left the store, some unknown men attacked him, stabbing him in the arm and punching him in the head. As he ran away, he saw a car "on the side of the road parked and the door ajar." He got into the car and drove away because he was scared. He wanted to go to a hospital and drove towards Walnut Creek, where he lives. Appellant did not remember whether there had been a key in the ignition of the car when he first found it, but he believed the shaved key found in his pocket "came from the car." He had never seen the key before. Dazhan pulled him over, then took him to a nearby hospital, where he received 8 to 12 staples in his head and four staples in his arm.

DISCUSSION

*Misdemeanor*

Appellant contends the trial court abused its discretion in denying his request to have his conviction reduced to a misdemeanor. We disagree.

Auto theft is a so-called "wobbler" offense that the court has discretion to treat as either a felony or a misdemeanor. (§§ 17, 496, subd. (a); Veh. Code, § 10851, subd. (a).) Section 17, subdivision (b), "[b]y its terms, . . . sets a broad generic standard" that allows a sentencing court to reduce a felony conviction for a wobbler to a misdemeanor "solely 'in the discretion of the court.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.) Relevant factors for the court to consider in exercising its discretion include: the nature and circumstances of the offense; the defendant's appreciation of and attitude toward the offense; and his traits of character as evidenced by his behavior and demeanor at trial. When appropriate, the court should also consider the general objectives of sentencing and the protection of society. (*Id.* at pp. 978–979.)

On appeal, it is appellant's burden "to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." (*People v. Superior Court* (*Alvarez*), *supra*, 14 Cal.4th at pp. 977–978.)

Appellant argues the trial court abused its discretion because the offense was "no worse than the ordinary vehicle theft." However, there was evidence that he used a shaved key—a burglary tool commonly used to steal vehicles—which indicated there was at least some "planning, sophistication, or professionalism" in the way in which he committed the offense. (Cal. Rules of Court, rule 4.421(a)(8).) The crime also involved the taking of an item of great monetary value.[2] (Cal. Rules of Court, rule 4.421(a)(9).)

---

[2] Appellant asserts the vehicle was not of great value and has filed a request for judicial notice of Kelley Blue Book online printouts showing a range of estimated values for a 1992 Honda Accord. The documents do not appear to have been presented to the trial court, and appear to reflect the estimated values of a 1992 Honda Accord as of April

Moreover, appellant had multiple prior convictions (Cal. Rules of Court, rule 4.421(b)(2)) and had served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)). He had been paroled for only four days at the time he committed the instant offense (Cal. Rules of Court, rule 4.421(b)(4)), and his prior performance on probation or parole has been unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)). He argues the evidence shows that the taking of the car was likely "precipitated by something other than the desire to obtain its possession"; however, the jury presumably discredited his testimony that he took the car out of necessity.

The record shows the trial court understood its discretion and weighed the relevant factors before it. Both parties filed sentencing memoranda, and at sentencing, the court stated it had read and considered the probation report, the prosecution's sentencing memorandum, and appellant's statement in mitigation. In imposing its sentence, the court stated: "[T]here are certain factors related to the crime as set forth in the probation report on page 25, indicating that the manner in which the crime was carried out indicates a planning or sophistication or professionalism, and the crime involved attempted or actual taking or damage of great monetary value. Also, the factors related to the Defendant that prior convictions are numerous or of increasing seriousness, Defendant has served a prior prison term, the defendant was on probation or parole when the crime was committed, the Defendant's prior performance on probation or parole was unsatisfactory. There are no factors in mitigation pursuant to Rule 4.423." "Nothing about the court's state[ments] . . . indicate its decision was irrational or arbitrary, and [appellant] has not clearly shown to the contrary." (*People v. Sy* (2014) 223 Cal.App.4th

and May of 2015—over two and a half years after the date of the offense. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [in the absence of a showing of exceptional circumstances, reviewing courts do not take judicial notice of evidence that was not before the trial court at the time that it made the ruling challenged on appeal]; *Mozzetti v. City of Brisbane* (1977) 67 Cal.App.3d 565, 578 [items may not be judicially noticed if they are not relevant].) We therefore deny the request for judicial notice.

44, 66.) Appellant has failed to show the court abused its discretion in denying his request.

### *Prior Strike*

Appellant contends the trial court abused its discretion in denying his *Romero* motion. We disagree.

Under section 1385, subdivision (a), a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." *Romeo* held that "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) The question when reviewing a court's denial of a *Romero* motion is whether "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the schemes spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161; *People v. Garcia* (1999) 20 Cal.4th 490, 503.)

A trial court's refusal to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) The striking of a prior serious felony conviction is not a routine exercise of sentencing discretion. It is an extraordinary exercise of discretion to determine that a defendant who falls within the letter of the Three Strikes law should be treated as if he has no prior convictions because, for certain reasons, he is deemed to be outside the spirit of the law. (*People v. Strong* (2001) 87 Cal.App.4th 328, 332.)

Appellant argues the trial court should have granted his *Romero* motion because his present felony was "minor." However, as noted, appellant was found in a stolen vehicle in possession of a shaved key, a common burglary tool. He denied having ever

seen the key but his testimony regarding the key, and about the condition in which he found the vehicle—running, unlocked, with the door ajar and unoccupied—lacked credibility and was contravened by the facts of the case. Moreover, even if the vehicle theft can be characterized as "minor," this did not reduce the appropriateness of applying the Three Strikes scheme to his case. "By its very terms, any felony triggers a longer sentence under the Three Strikes law as long as the defendant has sustained at least one strike. Since the express intent of the Three Strikes law is 'to ensure longer prison sentences' for any defendant who has a qualifying strike and subsequently commits 'a felony,' the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law." (*People v. Strong*, *supra*, 87 Cal.App.4th at p. 344.) Indeed, it may be an abuse of discretion for a trial court to find that a defendant does not fit within the spirit of the Three Strikes law simply because it deems the current offense to be "relatively minor." (*People* v. *Carter* (1996) 49 Cal.App.4th 567, 573–574.)

As the trial court noted, appellant's "prior convictions are numerous or of increasing seriousness." The probation report noted that since 1988, appellant had been convicted of "theft, burglary, felony possessing firearm, obstructing/resisting a peace officer, burglary, vehicle theft, and battery with injury upon peace officer." While in custody between 2013 and 2014, he was "involved in at least twenty incidents involving several rule violations including threats to staff, officer safety, fashioning numerous weapons, concealing contraband, assaultive behavior, and bizarre behavior." He collected materials to make weapons "to use against deputies if he needed to defend himself." He verbally assaulted deputies when they asked him routine questions about his day and threatened to beat them up or set them on fire. He was ultimately "deemed a direct threat to the safety and security of staff and the facility," and was ankle shackled for protection of other members of the facility. Appellant "gassed another inmate with what was believed to be a mixture of semen and urine." He secreted or constructed shanks, a spear, a metal pipe, and numerous other weapons. Most recently, the Federal Bureau of Investigations informed the probation officer that a federal warrant had been issued for appellant for being a felon in possession of a firearm. As

7

the prosecutor stressed at the sentencing hearing, appellant committed the present crime only four days after his discharge from the Department of Corrections. Given "the nature and circumstances of [appellant's] present felon[y] and prior serious and/or violent felony conviction," as well as "the particulars of his background, character, and prospects," (*People v. Williams*, *supra*, 17 Cal.4th at p. 161), the court did not abuse its discretion in refusing to strike the prior conviction.

**DISPOSITION**

The judgment is affirmed.

_____

McGuiness, P.J.

We concur:


_____

Pollak, J.


_____

Jenkins, J.


A143732